FILED
07 OCT 29 AM 9:39
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

'07 MJ 2509 PM

DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Magistrate Docket No. _____ |
| Plaintiff | ) COMPLAINT FOR ) VIOLATION OF: |
| v. | ) |
| Erendira MEJIA ROBLES<br>aka: Cynthia Diaz<br>aka: Claudia GONZALEZ-PINEDA | ) TITLE 18 U.S.C. 1542<br>) False Statements in Application for<br>) U.S. Passport/False Use of Passport<br>) (Felony) |
| Defendant | ) and |
| | ) Title 18 U.S.C. 1028A<br>) Aggravated Identity Theft (Felony) |

The undersigned complainant, being duly sworn, states:

On May 30, 2001, in the Southern District of California, defendant Erendia MEJIA ROBLES did knowingly and willfully make false statements in her application for a U.S. passport when she presented as identification a California birth certificate and a California DMV ID issued in the name Cynthia Diaz, knowing full well that she was not Cynthia Diaz and therefore not entitled to a U.S. passport.

All in violation of Title 18, U.S.C. 1542.

Furthermore, defendant did knowingly and willfully possess and use without lawful authority a means of identification of another person, specifically, a U.S. passport issued in the identity of U.S. citizen Cynthia DIAZ, when she attempted to enter the U.S. illegally on October 27, 2007.

All in violation of Title 18, U.S.C. 1028A.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

Signature of Complainant
Daniel J. Messelt, Special Agent
U.S. Department of State
Diplomatic Security Service

SWORN AND SUBSCRIBED TO before me
this 29 day of Oct, 2007

UNITED STATES MAGISTRATE JUDGE

## STATEMENT OF FACTS

I, Alex R. Moore, declare under penalty of perjury, the following is true and correct:

1. I am a Special Agent (SA) with the Diplomatic Security Service, U.S. Department of State, currently assigned to the San Diego Resident Office, San Diego, California. I have been employed with the Department of State for over twenty-two years and am authorized by statute to investigate violations of federal law.

2. This affidavit is based upon my personal knowledge or those specific sources as set forth.

3. I submit this affidavit in support of a complaint against Erendia MEJIA ROBLES, aka: Cynthia Diaz, aka: Claudia Gonzalez-Pineda, hereinafter referred to a "Defendant," for violations of Title 18, United States Code, Section 1542, and Title 18, United States Code, Section 1028A.

4. On October 26, 2007, as part of an investigation into an earlier passport fraud case in which it was discovered that two individuals had applied for U.S. passports using the same identity of Cynthia DIAZ, I interviewed the most recent passport applicant and determined her to be the true Cynthia DIAZ. The true Cynthia DIAZ presented documentation to me reflecting that she had been a victim of identity theft in 2002. During the course of that investigation, I discovered that passport #400054444 had been previously issued to an imposter in 2001 who claimed to be Cynthia DIAZ. A check of TECS border crossing records reflected that the passport was actively being used by someone to cross the border at San Ysidro Port of Entry (SYPOE).

5. That same day, based on the above information, I placed a "lookout" on the Treasury Enforcement Communications System (TECS) for U.S. passport #400054444.

6. On October 27, 2007, at approximately 2300 hours, the Customs and Border Protection (CBP) office at SYPOE notified the DS San Diego Resident Office (SDRO) that an individual had been detected at approximately 2200 hours attempting to enter the U.S. using passport #400054444. That same night, I responded to SYPOE, accompanied by fellow SDRO Agent Dan Messelt.

7. At approximately 0030 hours on October 28, I witnessed CBP read Defendant her Miranda rights in Spanish. Defendant then agreed to waive her rights and talk to me, and signed a Miranda waiver statement. Defendant first identified herself as Claudia Gonzalez-Pineda, but later stated her true name was Erendira MEJIA, born July 31, 1977 in Mexico. Defendant was shown the U.S. passport #400054444 issued in the name of Cynthia Diaz, and she admitted that the

photograph was hers but she was not Cynthia Diaz. Defendant was shown a copy of DS-11 U.S. passport application and she admitted that the photograph on the application was hers, and the signature on the applicant's signature line was hers, but that she was not Cynthia Diaz.

8. Defendant admitted that she had used the passport several times to enter the United States, and admitted that she was convicted in 2003 for perjury by the State of California for using the Cynthia Diaz identity. Defendant stated that she served 16 months in jail for that offense. An NCIC check confirmed this conviction recorded in the name Claudia Gonzalez-Pineda.

9. A CBP fingerprint check on the IAFIS system revealed Defendant's identity to be Claudia Gonzalez-Pineda, and Defendant admitted that she had used that name, but reasserted her true name was Erendira MEJIA. Defendant signed a sworn statement in Spanish stating the passport (400054444) was not hers and that her true name was Erendira MEJIA, a native of Tijuana.

10. Based on the aforementioned information, I assert that there is probable cause to believe that Defendant, Erendira MEJIA (aka: Cynthia Diaz, aka: Claudia Gonazlez-Pineda), did knowingly and willfully make false statements in application for a U.S. passport when she submitted a California birth certificate and California DMV ID card in the identity of Cynthia Diaz to apply for passport 400054444 in 2001, a violation of Title 18, United States Code, Section 1542 (False Statements in Application for a Passport), and then knowingly and willfully used that fraudulently obtained passport issued in a name to which she was not lawfully entitled to attempt to enter the U.S. illegally, a violation of Title 18, United States Code, Section 1028A (Aggravated Identity Theft).

Executed on 10/28/07 at 1453

Alex R. Moore
Special Agent

On the basis of the facts presented in this probable cause statement consisting of two pages, I find probable cause to believe that the Defendant named in this probable cause statement committed the offense(s) in violation of Title 18, United States Code, Section(s) 18 USC 1542, 18 USC 1028A

SWORN AND SUBSCRIBED TO before me this 28th day of Oct, 2007.

UNITED STATES MAGISTRATE JUDGE