1  **ANDREW K. NIETOR**
   California Bar No. 208784
2  110 West C Street, Suite 707
   San Diego, California  92101
3  Telephone:  (619) 794-2386

4  Attorney for Defendant Erendira Mejia-Robles

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE DANA M. SABRAW)**

| UNITED STATES OF AMERICA, | ) | Case:07CR3031-DMS |
|---|---|---|
| Plaintiff, | ) ) ) | Date: December 21, 2007 Time: 11:00 a.m. |
| v. | ) ) | |
| ERENDIRA MEJIA-ROBLES, | ) ) | STATEMENT OF FACTS AND MEMORANDUM OF POINTS |
| Defendant. | ) ) | AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS |

**I.**

**MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE**

This request for discovery is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies" under United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989). As of the filing of this motion, defense counsel has not received any discovery in this case.

(1) Ms. Mejia's Statements.  The government must disclose: (1) copies of any written or recorded statements made by Ms. Mejia; (2) copies of any written record containing the substance of any statements made by Ms. Mejia; and (3) the substance of any statements made by Ms. Mejia that the government intends to use, for any purpose, at trial.  See FED. R. CRIM. P. 16(a)(1)(A).

(2) Ms. Mejia's Prior Record.  Ms. Mejia requests disclosure of his prior record.  This

1  includes Ms. Mejia's record of contacts with the United States Border Patrol and/or the Immigration and
2  Naturalization Service, even if those contacts did not result in prosecution.  See FED. R. CRIM.
3  P. 16(a)(1)(B).
4             (3) Arrest Reports, Notes and Dispatch Tapes.  Ms. Mejia also specifically requests the
5  government to turn over all arrest reports, notes, dispatch or any other tapes that relate to the
6  circumstances surrounding his arrest or any questioning.  This request includes, but it is not limited to,
7  any rough notes, photographs, records, reports, transcripts or other discoverable material.  FED. R. CRIM.
8  P. 16 (a)(1(A); Brady v. Maryland, 373 U.S. 83 (1983).  The government must produce arrest reports,
9  investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution
10 reports pertaining to the defendant.  FED. R. CRIM. P. 16 (a)(1)(B) and (C); FED. R. CRIM. P. 26.2 and
11 12(i).
12            (4) Documents and Tangible Objects.  Ms. Mejia requests the opportunity to inspect,
13 copy, and photograph all documents and tangible objects which are material to the defense or intended
14 for use in the government's case-in-chief or were obtained from or belong to him.  See FED. R. CRIM.
15 P. 16(a)(1)(C).
16            (5) Reports of Scientific Tests or Examinations. Ms. Mejia requests the reports of all
17 tests and examinations which are material to the preparation of the defense or are intended for use by the
18 government at trial.  See FED. R. CRIM. P. 16(a)(1)(D).
19            (6) Expert Witnesses.  Ms. Mejia requests the name and qualifications of any person that
20 the government intends to call as an expert witness.  See FED. R. CRIM. P. 16(a)(1)(E).  In addition,
21 Mr. Humphrey requests written summaries describing the bases and reasons for the expert's opinions.
22 See id.  We request that the Court order the government to notify the defense as such in a timely
23 manner, so that a proper 104 (Kumho-Daubert) admissibility hearing can be conducted without unduly
24 delaying the trial.
25            (7) Brady Material.  Ms. Mejia requests all documents, statements, agents' reports, and
26 tangible evidence favorable to the defendant on the issue of guilt or punishment.  See Brady v.
27 Maryland, 373 U.S. 83 (1963).
28            In addition, impeachment evidence falls within the definition of evidence favorable to the

accused, and therefore Ms. Mejia requests disclosure of any impeachment evidence concerning any of the government's potential witnesses, including prior convictions and other evidence of criminal conduct. See United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976). Further, Mr. Humphrey requests any evidence tending to show that a prospective government witness: (i) is biased or prejudiced against the defendant; (ii) has a motive to falsify or distort his or her testimony; (iii) is unable to perceive, remember, communicate, or tell the truth; or (iv) has used narcotics or other controlled substances, or has been an alcoholic.

(8) <u>Request for Preservation of Evidence</u>.  Ms. Mejia specifically requests the preservation of all physical or documentary evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and that relate to the arrest or the events leading to the arrest in this case.

(9) <u>Any Proposed 404(b) Evidence</u>. "[U]pon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Rule 404(b). FED. R. EVID. 404(b). Ms. Mejia requests such notice three weeks before trial in order to allow for adequate trial preparation.

(10) <u>Witness Addresses</u>.  Ms. Mejia's counsel requests access to the government's witnesses.  Thus, counsel requests a witness list and contact phone numbers for each prospective government witness.  Counsel also requests the names and contact numbers for witnesses to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as government witnesses.

(11) <u>Jencks Act Material</u>.  Ms. Mejia requests production in advance of trial of all material discoverable pursuant to the Jencks Act, 18 U.S.C. § 3500.  Advance production will avoid needless delays at pretrial hearings and at trial.  This request includes any "rough" notes taken by the agents in this case; these notes must be produced pursuant to 18 U.S.C. § 3500(e)(1).  This request also includes production of transcripts of the testimony of any witness before the grand jury. See 18 U.S.C. § 3500(e)(3).

(12) <u>Informants and Cooperating Witnesses</u>.  Ms. Mejia requests disclosure of the name(s), address(es), and location(s) of all informants or cooperating witnesses used or to be used in this

1  case, and in particular, disclosure of any informant who was a percipient witness in this case or
2  otherwise participated in the crime charged against Ms. Mejia. <u>Roviaro v. United States</u>, 353 U.S. 52,
3  61-62 (1957). The government must disclose any information derived from informants which
4  exculpates or tends to exculpate Ms. Mejia. <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). The government
5  must disclose any information indicating bias on the part of any informant or cooperating witness. <u>Id.</u>

6       (13) <u>Residual Request</u>. Ms. Mejia intends by this discovery motion to invoke his rights
7  to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the
8  Constitution and laws of the United States.

## II.

## REQUEST FOR LEAVE TO FILE FURTHER MOTIONS

Counsel for Ms. Mejia has received 142 pages of discovery. As new information comes to light, the defense may find it necessary to file further motions. Therefore, defense counsel requests the opportunity to file further motions based upon information gained from discovery.

## III.

## CONCLUSION

For the reasons stated above, Ms. Mejia requests that this Court grant his motions.

Respectfully submitted,

/s/ Andrew Nietor

Dated: December 7, 2007     **ANDREW K. NIETOR**
Attorney for Defendant Mejia