1  KAREN P. HEWITT
   United States Attorney
2  STEWART M. YOUNG
   Assistant U.S. Attorney
3  California State Bar No. 234889
   United States Attorney's Office
4  Federal Office Building
   880 Front Street, Room 6293
5  San Diego, California  92101-8893
   Telephone: (619) 557-6228
6
   Attorneys for Plaintiff
7  UNITED STATES OF AMERICA

8                    UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,        )    Criminal Case No. 3:07-CR-3031 DMS
                                     )
12                                   )    DATE:       December 21, 2007
                Plaintiff,           )    TIME:       11:00 A.M.
13                                   )
                                     )    GOVERNMENT'S RESPONSE AND
14          v.                       )    OPPOSITION TO DEFENDANTS' MOTIONS
                                     )
15                                   )    [8-1] TO COMPEL DISCOVERY AND
    ERENDIRA MEJIA ROBLES,           )            PRESERVE EVIDENCE; AND
16  aka Claudia Gonzalez-Pineda      )    [8-2] TO PRESERVE EVIDENCE.
                                     )
17                                   )    TOGETHER WITH A STATEMENT OF THE
                Defendant.           )    FACTS AND THE MEMORANDUM OF
18                                   )    POINTS AND AUTHORITIES, AND
                                     )    GOVERNMENT'S MOTIONS FOR:
19                                   )
                                     )    (1) RECIPROCAL DISCOVERY
20                                   )

21  _____

22          COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel,

23  KAREN P. HEWITT, United States Attorney, and Stewart M. Young, Assistant United States Attorney,

24  hereby files its Response and Opposition to Defendant's Motions for Discovery and its Motion for

25  Reciprocal Discovery.  This response and motion is based upon the files and records of the case together

26  with the attached statement of facts and memorandum of points and authorities.

27                                   **I**

28                    **STATEMENT OF THE CASE**

On November 7, 2007, the Government filed a two-count indictment charging Erendira Mejia Robles ("Defendant") with violating 18 U.S.C. § 1542, knowing use of a Passport secured by a false statement, and 18 U.S.C. § 1028A(a0(1), possession and use of a means of identification of another person.  On November 13, 2007, Defendant was arraigned on the Indictment and entered a plea of not guilty.

II

**STATEMENT OF FACTS**

On October 26, 2007, Diplomatic Security Service Special Agent Alex Moore discovered that two individuals had applied for U.S. passports using the same identity of Cynthia Diaz.  Agent Moore interviewed Cynthia Diaz, the most recent applicant, and received documentation from her indicating that she was, in fact, the true Cynthia Diaz.  He received information indicating that in 2001, Ms. Diaz had been the victim of identity theft.  Agent Moore ran U.S. Passport #40005444, which had been previously issued to a different Cynthia Diaz in 2001.  A check on records at the San Ysidro Port of Entry indicated that U.S. Passport #40005444 had been used actively by someone to cross the border a number of times.  On that day, Agent Moore placed a lookout for U.S. Passport #40005444.

On October 27, 2007, Customs and Border Protection notified Agent Moore that an individual had been detected attempting to enter at the San Ysidro Port of Entry using U.S. Passport #40005444.  Agent Moore responded and met with Defendant, who first identified herself as Claudia Gonzalez-Pineda and then identified herself as Erendira Mejia.  Post-Miranda, Defendant waived her rights and agreed to speak with agents.  She indicated that the U.S. Passport #40005444, issued in the name of Cynthia Diaz, was a photograph of her.  She indicated that she was not, in fact, Cynthia Diaz.  When she was shown an application for a U.S. Passport in the name of Cynthia Diaz, she admitted that the photograph was hers and that the signature on the application was also hers.  She further admitted that she had used the passport several times to enter the United States, and admitted that she was convicted in 2003 in California state court for using the Cynthia Diaz identity.

III

**GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION FOR DISCOVERY**

The United States intends to fully comply with its discovery obligations under <u>Brady v.</u>

2

1   Maryland, 373 U.S. 83 (1963), the Jenks Act, 18 U.S.C. § 3500, and Rule 16 of the Federal Rules of

2   Criminal Procedure.  Thus far, the United States has produced 142 pages of discovery.  Defendant's

3   specific requests are addressed below.

4        **(1) The Defendant's Statements**

5        The United States recognizes its obligation under Rule 16(a)(1)(A) and 16(a)(1)(B) to provide

6   to Defendant the substance of Defendant's oral statements and Defendant's written statements.  The

7   United States has produced all of Defendant's oral and written statements that are known to the

8   undersigned Assistant U.S. Attorney at this date.  If the United States discovers additional written or oral

9   statements that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such statements will be

10  provided to Defendant.

11       The United States has no objection to the preservation of the handwritten notes taken by any of

12  the United States' agents and officers.  See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976)

13  (agents must preserve their original notes of interviews of an accused or prospective government

14  witnesses).  However, the United States objects to providing Defendant with a copy of any rough notes

15  at this time.  Rule 16(a)(1)(A) does not require disclosure of the rough notes where the content of those

16  notes have been accurately reflected in a type-written report.  See United States v. Brown, 303 F.3d 582,

17  590 (5th Cir. 2002); United States v. Coe, 220 F.3d 573, 583 (7th Cir. 2000) (Rule 16(a)(1)(A) does not

18  require disclosure of an agent's notes even where there are "minor discrepancies" between the notes and

19  a report).  The United States is not required to produce rough notes pursuant to the Jencks Act, because

20  the notes do not constitute "statements" (as defined under 18 U.S.C. § 3500(e)) unless the notes (1)

21  comprise both a substantially verbatim narrative of a witness' assertion, and (2) have been approved or

22  adopted by the witness.  United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980).  The rough

23  notes in this case do not constitute "statements" in accordance with the Jencks Act.

24  See United States v. Ramirez, 954 F.2d 1035, 1038-39 (5th Cir. 1992) (rough notes were not statements

25  under the Jencks Act where notes were scattered and all the information contained in the notes was

26  available in other forms).  The notes are not Brady material because the notes do not present any material

27  exculpatory information, or any evidence favorable to Defendants that is material to guilt or punishment.

28  Brown, 303 F.3d at 595-96 (rough notes not Brady material because the notes were neither favorable to

the defense nor material to defendant's guilt or punishment); <u>United States v. Ramos</u>, 27 F.3d 65, 71

(3d Cir. 1994) (mere speculation that agents' rough notes contained <u>Brady</u> evidence was insufficient).

If, during a future evidentiary hearing, certain rough notes become discoverable under Rule 16, the

Jencks Act, or <u>Brady</u>, the notes in question will be provided to the Defendants.

### (2) Defendant's Prior Record

The United States will provide the Defendant with a copy of his criminal record in accordance

with Federal Rule of Criminal Procedure 16(a)(1)(B).

### (3) Arrest Reports, Notes and Dispatch Tapes

The United States has provided the Defendant with arrest reports.  As noted previously, agent

rough notes, if any exist, will be preserved, but they will not be provided as part of Rule 16 discovery.

The United States is unaware of any dispatch tapes regarding Defendant's apprehension, but has

requested the Border Patrol to preserve these if they do exist.  If the United States becomes aware of such

dispatch tapes, and those tapes fall under Rule 16 discovery obligations, the United States will provide

those tapes.

### (4) Documents and Tangible Objects and Evidence Seized

The United States has complied and will continue to comply with Rule 16(a)(1)(E) in allowing

Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all documents and

tangible objects seized that is within its possession, custody, or control, and that is either material to the

preparation of Defendant's defense, or intended for use by the United States as evidence during its case-

in-chief at trial, or obtained from or belongs to Defendant.  The United States need not, however,

produce rebuttal evidence in advance of trial.  <u>United States v. Givens</u>, 767 F.2d 574, 584 (9th Cir.

1984).  In terms of documentation, the United States has already provided Defendant with 142 pages of

documentation relevant to her case.

### (5) Reports of Scientific Tests or Examination

The United States will provide the results of any reports of scientific tests or examinations,

should any be conducted.  At this time, the United States is aware of no tests or examinations which are

material to the preparation of the defense or are intended for use by the United States at trial.

### (6) Expert Witnesses

The United States will comply with Rule 16(a)(1)(G) and provide Defendant with a written summary of any expert testimony that the United States intends to use during its case-in-chief at trial under Federal Rules of Evidence 702, 703 or 705.

### (7) Brady Material

The United States is well aware of, and will continue to perform, its duty under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976), to disclose exculpatory evidence within its possession that is material to the issue of guilt or punishment. Defendant, however, is not entitled to all evidence known or believed to exist which is, or may be, favorable to the accused, or which pertains to the credibility of the United States' case. As stated in <u>United States v. Gardner</u>, 611 F.2d 770 (9th Cir. 1980), it must be noted that "the prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality." <u>Id.</u> at 774-775 (citation omitted).

The United States will turn over evidence within its possession which could be used to properly impeach a witness who has been called to testify.

Although the United States will provide conviction records, if any, which could be used to impeach a witness, the United States is under no obligation to turn over the criminal records of all witnesses. <u>United States v. Taylor</u>, 542 F.2d 1023, 1026 (8th Cir. 1976). When disclosing such information, disclosure need only extend to witnesses the United States intends to call in its case-in-chief. <u>United States v. Gering</u>, 716 F.2d 615, 621 (9th Cir. 1983); <u>United States v. Angelini</u>, 607 F.2d 1305, 1309 (9th Cir. 1979).

Finally, the United States will continue to comply with its obligations pursuant to <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991).

### (8) Preservation of Evidence

The United States will preserve all evidence to which Defendant is entitled pursuant to the relevant discovery rules. However, the United States objects to any blanket request to preserve all physical evidence.

The United States has complied and will continue to comply with Rule 16(a)(1)(C) in allowing

07-CR-3031DMS

1   Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which

2   is within his possession, custody or control of the United States, and which is material to the preparation

3   of Defendant's defense or intended for use by the United States as evidence in chief at trial, or obtained

4   from or belong to Defendant, including photographs. The United States has made the evidence available

5   to Defendant and his investigators and will comply with any request for inspection.

6   **(9) Proposed 404(b) and 609 Evidence**

7   Should the United States seek to introduce any similar act evidence pursuant to Federal Rules

8   of Evidence 404(b) or 609, the United States will provide Defendant with official notice of its proposed

9   use of such evidence and information about such bad act at the time the United States' trial

10  memorandum is filed.

11  **(10) Witness Addresses**

12  The United States has provided Defendant with the reports containing the names of the agents

13  involved in the apprehension and interviews of Defendant. A defendant in a non-capital case, however,

14  has no right to discover the identity of prospective Government witnesses prior to trial. See Weatherford

15  v. Bursey, 429 U.S. 545, 559 (1977); United States v. Dishner, 974 F.2d 1502, 1522 (9th Cir 1992)

16  (citing United States v. Steel, 759 F.2d 706, 709 (9th Cir. 1985)); United States v. Hicks, 103 F.23d 837,

17  841 (9th Cir. 1996). Nevertheless, in its trial memorandum, the United States will provide Defendants

18  with a list of all witnesses whom it intends to call in its case-in-chief, although delivery of such a witness

19  list is not required. See United States v. Discher, 960 F.2d 870 (9th Cir. 1992); United States v. Mills,

20  810 F.2d 907, 910 (9th Cir. 1987).

21  The United States objects to any request that it provide a list of every witness to the crimes

22  charged who will not be called as a United States witness. "There is no statutory basis for granting such

23  broad requests," and a request for the names and addresses of witnesses who will not be called at trial

24  "far exceed[s] the parameters of Rule 16(a)(1)(C)." United States v. Hsin-Yung, 97 F. Supp.2d 24, 36

25  (D. D.C. 2000) (quoting United States v. Boffa, 513 F. Supp. 444, 502 (D. Del. 1980)). The United

26  States is not required to produce all possible information and evidence regarding any speculative defense

27  claimed by Defendants. Wood v. Bartholomew, 516 U.S. 1, 6-8 (1995) (per curiam) (holding that

28  inadmissible materials that are not likely to lead to the discovery of admissible exculpatory evidence are

07-CR-3031DMS

not subject to disclosure under <u>Brady</u>).

### (11) Jencks Act Material

The Jencks Act, 18 U.S.C. § 3500, requires that, after a United States witness has testified on direct examination, the United States must give the Defendant any "statement" (as defined by the Jencks Act) in its possession that was made by the witness relating to the subject matter to which the witness testified. 18 U.S.C. § 3500(b). A "statement" under the Jencks Act is (1) a written statement made by the witness and signed or otherwise adopted or approved by him, (2) a substantially verbatim, contemporaneously recorded transcription of the witness's oral statement, or (3) a statement by the witness before a grand jury. 18 U.S.C. § 3500(e). If notes are read back to a witness to see whether or not the government agent correctly understood what the witness was saying, that act constitutes "adoption by the witness" for purposes of the Jencks Act. <u>United States v. Boshell</u>, 952 F.2d 1101, 1105 (9th Cir. 1991) (citing <u>Goldberg v. United States</u>, 425 U.S. 94, 98 (1976)). While the United States is only required to produce all Jencks Act material <u>after</u> the witness testifies, the United States plans to provide most (if not all) Jencks Act material well in advance of trial to avoid any needless delays.

Additionally, no witness who testified before the grand jury will testify at trial, so the United States does not anticipate that it will have to provide any of the Grand Jury transcripts to Defendant.

### (12) Informants and Cooperating Witnesses

If the Government determines that there is a confidential informant whose identity is "relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause," it will disclose that person's identity to the Court for in-chambers inspection. <u>See</u> <u>Roviaro v. United States</u>, 353 U.S. 53, 60-61 (1957); <u>United States v. Ramirez-Rangel</u>, 103 F.3d 1501, 1505 (9th Cir. 1997). The United States has already stated it will comply with its <u>Brady</u>, <u>Giglio</u>, Jencks Act, and further Rule 16 discovery obligations. The United States will comply with the structure of <u>Roviaro</u> if it determines that any confidential informant information is "relevant and helpful to the defense of [the] accused, or is essential to the fair determination of a cause." <u>Roviaro</u>, 353 U.S. at 60.

As the Court is aware, the Supreme Court has declined to adopt an absolute rule requiring disclosure of an informant's identity whenever it is relevant or helpful to a defendant's case. <u>See</u> <u>Roviaro v. United States</u>, 353 U.S. at 62. Indeed, as the D.C. Circuit stated in <u>United States v. Skeens</u>,

07-CR-3031DMS

449 F.2d 1066, 1071 (D.C. Cir.1971), a "heavy burden ... rests on an accused to establish that the identity of an informant is necessary to his defense." Id. at 1070. "Mere speculation" that an informant's testimony may assist the defendant is not sufficient to meet this burden. United States v. Mangum, 100 F.3d 164, 172 (D.C. Cir.1996).  In determining whether the Defendant has met this burden, the Court must balance "the public interest in protecting the flow of information against the individual's right to prepare his defense," all the while "taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." Roviaro, 353 U.S. at 62. The United States will comply with its Rovario obligations, but it also requests that any information provided to the Defendants be subject to in camera review by the Court.

**(13) Residual Request**

The United States has already complied with Defendant's request for prompt compliance with its discovery obligations prior to Indictment.  The United States will continue to comply with all of its discovery obligations, but objects to the broad nature of Defendant's further discovery requests.

**IV**

**NO OPPOSITION TO DEFENDANT'S REQUEST FOR LEAVE TO FILE FURTHER MOTIONS**

The United States does not object to the granting of leave to allow Defendant to file further motions, as long as the order applies equally to both parties and additional motions are based on newly discovered evidence or discovery provided by the United States subsequent to the instant motion at issue.

**V**

**MOTION FOR RECIPROCAL DISCOVERY**

The United States hereby moves for reciprocal discovery from the Defendant.  To date Defendant has not provided any.  The United States, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, requests that Defendant permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendant and which Defendant intends to introduce as evidence in their case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any

results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which Defendant intend to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendants intend to call as a witness. Because the United States will comply with Defendant's request for delivery of reports of examinations, the United States is entitled to the items listed above under Rule 16(b)(1) of the Federal Rules of Criminal Procedure. The United States also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

In addition, Rule 26.2 of the Federal Rules of Criminal Procedure requires the production of prior statements of all witnesses, except a statement made by Defendant. This rule thus provides for the reciprocal production of <u>Jencks</u> statements. The time frame established by the rule requires the statement to be provided after the witness has testified. To expedite trial proceedings, the United States hereby requests that Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

**V**

**CONCLUSION**

For the above stated reasons, the United States respectfully submits its Response and Opposition to Defendant's Motions for Discovery, and requests that its Motion for Reciprocal Discovery be granted.

DATED: December 20, 2007.

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney


*s/Stewart M. Young*
STEWART M. YOUNG
Assistant U.S. Attorney
Email: stewart.young@usdoj.gov

9

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 3:07-CR-3031 DMS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| ERENDIRA MEJIA ROBLES, | ) | |
| aka Claudia Gonzalez-Pineda | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

IT IS HEREBY CERTIFIED THAT:

I, Stewart M. Young, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of the United States' Response and Opposition to Defendant's Motion for Discovery and Request for Reciprocal Discovery on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Andrew Nietor, Esq.
   Nietorlaw@yahoo.com

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 20, 2007

s/ *Stewart M. Young*
Stewart M. Young

07-CR-3031DMS